UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Lititia Walden, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br><br><br><br><br>        -v.-<br><br>Midland Credit Management, Inc. and<br><br>John Does 1-25,<br><br>                              Defendants. | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lititia Walden (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws · were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Dallas, with an address 1315 Riverchase Drive, Apt. 1223, Coppell, TX 75019.

8.      Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA can be served process upon its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco at 211 East 7th Street, Suite 620, Austin, Texas 78701.

9.      Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

  a.  all individuals with addresses in the State of Texas;

  b.  to whom Defendant MCM sent a collection letter attempting to collect a consumer debt;

  c.  that deceptively implies that a settlement offer will only be renewed under limited circumstances;

  d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which are common issues that predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them to not vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 § l692e.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because the individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to February 6, 2020, an obligation was allegedly incurred to Synchrony Bank, PayPal.

22.     The obligation arose out of a transaction involving a debt incurred by Plaintiff with Synchrony Bank, PayPal which Plaintiff incurred primarily for personal, family or household purposes.

23.     The alleged Synchrony Bank, PayPal obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Synchrony Bank, PayPal is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25.     On a date better known to Defendants, Synchrony Bank, PayPal contracted the Defendant MCM to collect the alleged debt.

26.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – February 6, 2020 Collection Letter*

27.     On or about February 6, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Synchrony Bank, PayPal. A true and correct copy of the Letter is attached hereto as Exhibit A.

28.     The letter offers a settlement option to pay 40% of the full account balance.

29.     Underneath the settlement options, the letter states in pertinent part: "The discount offer outlined in this letter is guaranteed through the referenced expiration date.  After this date, we reserve the right to modify the settlement offer, or revoke it entirely.  We are not obligated to renew this offer.  Under limited circumstances, Midland Credit Management, Inc. can extend the expiration date of this offer."

30.     The statement "we are not obligated to renew this offer," implies that the offers are for a limited time and that they may not exist in the future.

31.     In addition, the letter states that extensions of the settlement offer will only occur under limited circumstances.

32.     The statement implies a false sense of urgency that these offers will not be renewed in the future and Plaintiff should accept now or they will not be offered in the future.

33.     Yet, upon information and belief, Defendant is aware that they routinely send similar settlement offers even after stating in their letters that they will only send settlement offers under limited circumstances and that they are not obligated to renew the offer.

34.     The letter is deceptive by implying that the offer may not be renewed when Defendant intended to send future letters with the same offers in subsequent months.

35.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<u>COUNT I</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692e *et seq.***

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.     Defendant violated said section by:

   a.  Making a false and misleading representation in violation of but not limited to §1692e (10).

40.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.


**DEMAND FOR TRIAL BY JURY**

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lititia Walden, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM, as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

*/s/ Raphael Deutsch*
**Stein Saks, PLLC**
By:  Raphael Deutsch
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Pending Pro Hac Vice Application